UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE JOHNSON and LAQUESHA SCOTT, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-1954-B |
| SPECTRUM BRANDS HOLDINGS, INC., SPECTRUM BRANDS, INC., and TRISTAR PRODUCTS, INC., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants Spectrum Brands Holdings, Inc. ("SBH") and Spectrum Brands Inc. ("Spectrum")'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 21). For the following reasons, the Court **GRANTS** their Motion. All claims against SBH and Spectrum are hereby **DISMISSED WITHOUT PREJUDICE**.

I.

BACKGROUND

This is a personal injury case. Plaintiffs Joe Johnson and Laquesha Scott purchased a pressure cooker from Walmart in 2019. Doc. 1, Compl., ¶ 13. In 2022, the pressure cooker exploded, which caused the Plaintiffs to suffer severe burns. *Id* ¶ 29.

Plaintiffs sued Tristar Products, Inc. ("Tristar"), a corporation with its principal place of business in Florida. *Id.* ¶ 4. Plaintiffs allege that Tristar distributed the pressure cooker to Walmart. *Id.* ¶ 12. Plaintiff also sued SBH and Spectrum, corporations with their principal place of business

in Wisconsin and incorporation in Delaware. *Id.* ¶¶ 2–3; Doc. 21, Ex. 1-A, ¶ 4. Plaintiffs allege that all three defendants "were legally, and in reality, the same entity, and each and every one of the Defendants was the . . . alter ego . . . of the other defendants, and each was at all times acting within the course and scope of such agency." *Id.* ¶ 5. Plaintiffs allege that in 2022, "Spectrum acquired all of the membership interests in . . . the home appliances and cookware business of [Tristar]." *Id.* ¶ 14. However, Plaintiffs also acknowledge that Spectrum did not acquire the pressure cooker line from Tristar, which is separate from its cookware business. *Id.* ¶ 17. But Plaintiffs argue that a Security and Exchange Commission ("SEC") Form 10-Q ("10-Q") reflects that "Spectrum then entered into a series of Transition Service Agreements ("TSAs") to support the remaining Tristar products that did not convey with the transaction, . . . it appears Spectrum entered into a TSA with TriStar to support [the pressure cooker]." *Id.* ¶¶ 16–17. However, in a sworn declaration, the Division Vice President for New Product Development at Spectrum stated that none of the "TSAs related to pressure cookers because Spectrum did not acquire any interest in pressure cookers through or because of the February 2022 Acquisition." *Id.* Doc. 21, 1, ¶ 9.

SBH and Spectrum filed a Motion to Dismiss, arguing that the Court lacks personal jurisdiction because they did not acquire the pressure cooker line from Tristar and thus had no involvement in causing Plaintiffs' injuries. TDoc. 21, Mot. Dismiss, 1. The Court considers their Motion below.

## II.

## LEGAL STANDARD

When defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, "the plaintiff bears the burden of establishing jurisdiction but is required

to present only prima facie evidence." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). When determining whether the plaintiff establishes a prima facie case, the "Court must accept as true the [p]laintiff's uncontroverted allegations, and resolve in [its] favor all conflicts between the jurisdictional facts contained in the parties' affidavits and other documentation." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219–20 (5th Cir. 2012) (alterations incorporated) (quoting *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004)). In deciding whether the plaintiff has established personal jurisdiction, "the district court may consider the contents of the record before the court at the time of the motion, including affidavits . . . or any combination of the recognized methods of discovery." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (citation omitted).

Personal jurisdiction exists when "the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* (quoting *Johnston*, 523 F.3d at 609).

To satisfy due process, two elements must be met: (1) the defendant must have purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state such that it would reasonably anticipate being brought to court there; and (2) the exercise of jurisdiction over the defendant must "comport[] with fair play and substantial justice." *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992) (citations omitted).

## III.

## ANALYSIS

The Court **GRANTS** SBH and Spectrum's Motion to Dismiss for Lack of Personal Jurisdiction. First, the Court does not have general jurisdiction. Second, the Court does not have specific jurisdiction. Third, Plaintiffs failed to adequately allege that SBH and Spectrum are alter egos of Tristar. Finally, the Court denies Plaintiffs' request to conduct jurisdictional-discovery.

A.  *The Court Does Not Have General Jurisdiction Over SBH and Spectrum.*

The "minimum contacts" prong of the due process analysis can be met through contacts that give rise to general jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996). "General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial." *Marathon Oil Co. v. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). General personal jurisdiction does not exist here because SBH and Spectrum are incorporated in Delaware with their primary place of business in Wisconsin, and Plaintiffs do not allege that SBH and Spectrum have continuous or substantial contacts with Texas. *See generally* Doc. 1, Compl.; *see also* Doc. 21, Ex. 1, ¶ 4.

B.  *The Court Does Not Have Specific Jurisdiction Over SBH and Spectrum.*

The Court does not have specific jurisdiction over SBH and Spectrum. Plaintiffs fail to allege how Spectrum and SBH have any connection to the pressure cooker that gave rise to this lawsuit. The Court "may assert specific jurisdiction over a nonresident defendant where an alleged injury arises out of or relates to actions by the defendant himself that are purposefully directed toward forum residents, and where jurisdiction would not otherwise offend fair play and substantial justice."

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Specific jurisdiction exists "only when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Gundle*, 85 F.3d at 205.

Plaintiffs failed to identify any contacts related to this case. The agreement between Spectrum and Tristar did not include the pressure cooker. Plaintiffs rely on the 10-Q to allege that Spectrum acquired substantially all of Tristar's operations. Doc. 1, Compl., ¶ 15. But the 10-Q does not say that Spectrum acquired Tristar's pressure cookers. *See* Doc. 21-1, Ex. 1, 31.[1] Plaintiffs acknowledge this. Doc. 1, Compl., ¶ 17. But they allege that "Spectrum then entered into a series of Transition Service Agreements ("TSAs") to support the remaining Tristar products that did not convey with the transaction," and "it appears Spectrum entered into a TSA with TriStar to support [the pressure cooker]." *Id.* ¶¶ 16–17. But the 10-Q does not support these allegations. The 10-Q states that Spectrum entered into TSAs with Tristar to consolidate various back office expenses (such as human resources and IT). Doc. 21-1, Ex. 1-A, 18. And in a sworn declaration, the Division Vice President for New Product Development at Spectrum Brands stated that none of the "TSAs related to pressure cookers because Spectrum did not acquire any interest in pressure cookers through or because of the February 2022 Acquisition." *Id.* Ex., 1, ¶ 9. The Court accepts these assertions as true because Plaintiffs failed to dispute them with facts. *See Pace v. Cirrus Design Corp.*, 636 F. Supp.3d 714, 720 (S.D. Miss. 2022) (when a defendant asserts "facts in their affidavits that are only disputed by the plaintiffs' allegations [and are] not supported by facts in an affidavit, then the defendant's assertions are taken as fact."); *see also Black v. Acme Markets, Inc.*, 564 F.2d 681, 684 n.3 (5th Cir. 1977).

---

[1] The Court may consider the 10-Q because "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). The 10-Q is central to Plaintiffs' claim that SBH and Spectrum were involved in Plaintiffs' injuries.

Plaintiffs devote much of their Response to discussing the stream of commerce theory to argue that this Court has specific jurisdiction over SBH and Spectrum. Doc. 34, Resp., 2–10. Under this theory, a Court can exercise "jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). But the theory has no relevance here. Spectrum and SBH did not manufacture, own, or have any other connection to the pressure cooker. So they could not deliver the pressure cooker into a stream of commerce. Thus, the Court does not have specific jurisdiction over SBH and Spectrum, because they have no contacts linking them to this lawsuit.

C.   *Plaintiffs Failed to Allege that Spectrum and SBH Are Alter Egos of Tristar.*

Plaintiffs allege that the Court has personal jurisdiction over Spectrum and SBH because they are alter egos of Tristar. Doc. 1, Compl., ¶ 5. Under Texas law, one company is an alter ego of another if it "is organized and operated as a mere tool or business conduit of another corporation.'" *Licea v. Curacao Drydock Co.*, 952 F.3d 207, 212 (5th Cir. 2015) (quoting *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986)). A district court may exercise jurisdiction over an alter ego of a company if the plaintiff alleges that one company controls the other to such a degree that "the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice." *Id.* at 213 (quoting *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 175 (Tex. 2007)). Other factors to consider are "the amount of the subsidiary's stock owned by the parent corporation, the existence of separate headquarters, the observance of corporate formalities, and the degree of the parent's control over the general policy and administration of the subsidiary." *PHC-Minden, L.P.*, 235 S.W.3d at 174–75.

Plaintiffs allege no facts in their Complaint to support an alter ego theory of liability. Plaintiffs merely assert a legal conclusion that defendants are alter egos of one another. Doc. 1, Compl., ¶ 5. And the Court need not consider conclusory allegations as true. *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020). Plaintiffs fail to allege any facts that suggest how Spectrum or SBH controls Tristar to such a degree that Tristar ceases to be a separate company. *See Licea*, 952 F.3d at 213. Thus, the alter ego theory does not allow the Court exercise personal jurisdiction over Spectrum and SBH.

D.     *The Court Will Not Grant Leave to Conduct Jurisdictional-Related Discovery.*

Lastly, the Court denies Plaintiffs' request to conduct jurisdictional-related discovery. Doc. 34, Resp., 16. "As the party opposing dismissal and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *Davila v. United States*, 713 F.3d 248, 263–64 (5th Cir. 2013). A plaintiff is not entitled to jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009). Plaintiffs do no explain what additional information discovery would yield to prove that the Court has personal jurisdiction over SBH and Spectrum. Doc. 34, Resp., 16. And the SEC filing and declaration show that the Court does not have personal jurisdiction over Spectrum and SBH. *See Freeman*, 556 F.3d at 342. Accordingly, the Court denies Plaintiffs' request.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. All claims against Defendants Spectrum Brands Holdings, Inc. and Spectrum Brands Inc. are hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

**SIGNED: February 14, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE